## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Jennifer McCallum, Ph. D.
The McCallum Law Firm PC
685 Briggs Street, P.O. Box 929
Erie, CO 80516
Phone Number: (303) 828-0655
E-mail: jennifermccallum@mccallumlaw.net
Atty. Reg. #: 33238

Edward P. Bakos
Bakos Law LLC
27 Laurel Avenue
Summit, NJ 07901
Phone Number: (212) 724-0770
E-mail: ebakos@bakoslegal.com

*Attorneys for the Plaintiff:*
*JOSÉ PABLO FERNÁNDEZ*

| | |
|---|---|
| JOSÉ PABLO FERNÁNDEZ (an individual), | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION FILE NUMBER: |
| | ) |
| v. | ) TRIAL BY JURY DEMANDED |
| | ) |
| J.P.A., INC. (dba Tequila's Family Mexican | ) |
| Restaurant of Bayfield); TEQUILA'S, INC. | ) |
| (dba Tequila's Family Mexican Restaurant of | ) |
| Durango); CASA TEQUILA, LLC (dba Casa | ) *Document filed Electronically* |
| Tequila El Jebel); ROSITA'S MEXICAN | ) |
| RESTAURANT, INC. (dba Casa Tequila | ) |
| Evergreen); TEQUILA'S III, INC. (dba | ) |
| Tequila's Mexican Restaurant of Glenwood | ) |
| Springs); COMPADRES, INC. (dba Tequila's | ) |
| Family Restaurant in Golden); TEQUILA'S II, | ) |
| INC. (dba Tequila's Mexican Restaurant Grand | ) |
| Junction U.S.6; EL MESCAL, INC. (dba | ) |
| Tequila's Mexican Restaurant Grand Junction | ) |
| North Ave); CASA AGAVE FAMILY | ) |
| RESTAURANT LLC (dba Tequila's of | ) |
| Longmont); LOS GARCIAS, INC. (dba | ) |
| Tequila's of Pagosa Springs); RIFLE | ) |
| TEQUILA'S, INC. (dba Tequila's Family | ) |
| Restaurant Rifle); TEQUILA'S OF | ) |
| THORNTON, LLC (dba Tequila's Family | ) |
| Mexican Restaurant of Thornton); EL | ) |

CAPULIN INC. (dba Tequila's Family                    )
Mexican Restaurant of Trinidad);                       )
ENTRPRNRBOX, LLC (dba Restaurant Hero,      )
Restaurantly, and Obten Mas Clientes); and         )
3GENGAGEMENT, LLC                                         )
                                                                        )
                                          Defendants.

## COMPLAINT FOR COPYRIGHT INFRINGMENT AND DEMAND FOR JURY TRIAL

Plaintiff, JOSÉ PABLO FERNÁNDEZ, an individual (hereinafter "Author" or "Plaintiff"), by its undersigned attorneys, for its Complaint against J.P.A, INC. (dba Tequila's Family Mexican Restaurant of Bayfield; TEQUILA'S, INC. (dba Tequila's Family Mexican Restaurant of Durango); CASA TEQUILA, LLC (dba Casa Tequila El Jebel); ROSITA'S MEXICAN RESTAURANT, INC. (dba Casa Tequila Evergreen); TEQUILA'S III, INC. (dba Tequila's Mexican Restaurant of Glenwood Springs); COMPADRES, INC. (dba Tequila's Family Restaurant in Golden); TEQUILA'S II, INC. (dba Tequila's Mexican Restaurant Grand Junction U.S.6); EL MESCAL, INC. (dba and Tequila's Mexican Restaurant Grand Junction North Ave); CASA AGAVE FAMILY RESTAURANT LLC (dba Tequila's of Longmont); LOS GARCIAS, INC. (dba Tequila's of Pagosa Springs); RIFLE TEQUILA'S, INC. (dba Tequila's Family Restaurant Rifle); TEQUILA'S OF THORNTON, LLC (dba Tequila's Family Mexican Restaurant of Thornton); and EL CAPULIN INC (collectively, "Restaurants"); and ENTRPRNRBOX, LLC (dba Restaurant Hero, Restaurantly, and Obten Mas Clientes) and 3GENGAGEMENT, LLC (collectively, "Designers") (hereinafter, Restaurants and Designers are collectively referred to as "Defendants"), upon actual knowledge with respect to itself and its own acts, and upon information and belief as to all other matters, alleges as follows:

## THE PARTIES

1.      Plaintiff JOSÉ PABLO FERNÁNDEZ is an individual having a place of residence in Houston, Texas.

2.      Upon information and belief, Defendant J.P.A., INC. is a Colorado corporation having its corporate headquarters at 14 West Mill Road, Bayfield, Colorado 81122.  Upon information and belief, Defendant J.P.A., INC. does business as Tequila's Family Mexican Restaurant of Bayfield located at 14 Wast Mill Road, Bayfield, Colorado 81122.

3.      Upon information and belief, Defendant TEQUILA'S, INC. is a Colorado corporation having its corporate headquarters at 948 Main Avenue, Durango, Colorado 81301.  Upon information and belief, Defendant TEQUILA'S, INC does business as Tequila's Family Mexican Restaurant of Durango located at 948 Main Avenue, Durango, Colorado 81301.

4.      Upon information and belief, Defendant CASA TEQUILA, LLC is a Colorado corporation having its corporate headquarters at 64 El Jebel Road, El Jebel, Colorado 81623 and a mailing address of 1853 Country Road 109, Glenwood Springs, Colorado 81602.  Upon information and belief, Defendant CASA TEQUILA, LLC does business as Casa Tequila El Jebel located at 64 El Jebel Road, El Jebel, Colorado 81623.

5.      Upon information and belief, Defendant ROSITA'S MEXICAN RESTAURANT, INC. is a Colorado corporation having its corporate headquarters at 1204 Bergen Parkway, Evergreen, Colorado 80439 and a mailing address at 324 Flora Way, Golden, CO 80401, US.  Upon information and belief, Defendant ROSITA'S MEXICAN RESTAURANT, INC. does business as Casa Tequila Evergreen, 1204 Bergen Parkway, Evergreen, Colorado 80439.

6.      Upon information and belief, Defendant TEQUILA'S III, INC. is a Colorado corporation having its corporate headquarters at 132 West 6th Street, Glenwood Springs, Colorado 81601 with a mailing address of 1607 Grand Avenue, Suite 32, Glenwood Springs, Colorado 81601.

Upon information and belief, Defendant TEQUILA'S III, INC does business as Tequila's Mexican Restaurant of Glenwood Springs located at 132 West 6th Street, Glenwood Springs, Colorado 81601.

7. Upon information and belief, Defendant COMPADRES, INC. is a Colorado corporation having its corporate headquarters at 927 Cole Street, Golden, Colorado 80401. Upon information and belief, Defendant COMPADRES, INC. does business as Tequila's Family Restaurant of Golden located at 17535 South Golden Road, Golden, Colorado 80401.

8. Upon information and belief, Defendant EL MESCAL, INC. is a Colorado corporation having its corporate headquarters at 2560 North Avenue, Grand Junction, Colorado 81501. Upon information and belief, Defendant EL MESCAL, INC. does business as Tequila's Mexican Restaurant Grand Junction U.S.6 located at 2452 U.S. 6, Grand Junction, Colorado 81501 and Tequila's Mexican Restaurant Grand Junction North Ave located at 2560 North Avenue, Grand Junction, Colorado 81501.

9. Upon information and belief, Defendant CASA AGAVE FAMILY RESTAURANT LLC (fka as D & J Tequilas, LLC) is a Colorado corporation having its corporate headquarters at 451 South Pratt Parkway, Longmont, Colorado 80501. Upon information and belief, Defendant CASA AGAVE FAMILY RESTAURANT LLC (fka as D & J Tequilas, LLC) does business in the State of Colorado as Tequila's of Longmont and/or Casa Agave Longmont located at 451 South Pratt Parkway, Longmont, Colorado 80501.

10. Upon information and belief, Defendant LOS GARCIAS, INC. is a Colorado corporation having its corporate headquarters at 439 San Juan Street, Pagosa Springs, Colorado 81147 and a mailing address at P.O. Box 3460, Pagosa Springs, Colorado 81147. Upon information and belief, Defendant LOS GARCIAS, INC. does business as Tequila's Pagosa Springs, LLC located at 439 San Juan Street, Pagosa Springs, Colorado 81147.

11.     Upon information and belief, Defendant RIFLE TEQUILA'S, INC. is a Colorado corporation having its corporate headquarters at 800 Airport Road, Suite 3, Rifle, Colorado 81650.  Upon information and belief, Defendant RIFLE TEQUILA'S, INC. does business as Tequila's Family Restaurant of Rifle located at 800 Airport Road, Suite 3, Rifle, Colorado 81650.

12.     Upon information and belief, Defendant TEQUILA'S OF THORNTON, LLC is a Colorado corporation having its corporate headquarters at 12020 Pennsylvania Street, Thornton, Colorado 80241.  Upon information and belief, Defendant TEQUILA'S OF THORNTON, LLC does business as Tequila's Family Mexican Restaurant of Thornton located at 12020 Pennsylvania Street, Thornton, Colorado 80241.

13.     Upon information and belief, Defendant EL CAPULIN INC. is a Colorado corporation having its corporate headquarters at 9900 Santa Fe Trail, Trinidad, Colorado 81082.  Upon information and belief, Defendant EL CAPULIN INC. does business as Tequila's Family Mexican Restaurant of Trinidad located at 9900 Santa Fe Trail, Trinidad, Colorado 81082.13.

14.     Upon information and belief, Defendant ENTRPRNRBOX, LLC, a graphic and web design company, is a Colorado corporation having its corporate headquarters at 1336 Lamplighter Drive, Longmont, CO 80504.  Upon information and belief, Defendant ENTRPRNRBOX, LLC does business as Restaurant Hero, Restaurantly, and Obten Mas Clientes, with Restaurant Hero and Restaurantly each located at 1336 Lamplighter Drive, Longmont, CO 80504 and Obten Mas Clientes located at 353 Main Street, Longmont, Colorado 80501.  Upon information and belief, Defendant ENTRPRNRBOX, LLC, through its primary representative, Alejandro Arredondo, performs or has performed services for one or more of the Defendant Restaurants.

15.     Upon information and belief, Defendant 3GENGAGEMENT, LLC, a graphic and web design company, is a Colorado corporation having its corporate headquarters at 1935 Dominion Way, Suite 201, Colorado Springs, Colorado 80918.  Upon information and belief, Defendant 3GENGAGEMENT, LLC, through its primary representative, Christopher James Hanson, performs or has performed services for one or more of the Defendant Restaurants.

## JURISDICTION AND VENUE

16.     This is a civil action for copyright infringement arising under the copyright laws of the United States, Title 17 of the United States Code.  The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §1338(a), as it involves substantial claims arising under the Copyright Laws of the United States and under 28 U.S.C § 1332 as Plaintiff is a resident outside the state of Colorado and the amount in controversy exceeds $75,000.

17.     This Court has personal jurisdiction over Defendants and venue is proper under 28 U.S.C. § 1391(b) and (c) and § 1400(a).  Defendants are residents of Colorado and have regularly engaged in substantial, continuous, and systematic activities in this State and District and purposefully availed themselves of the privilege of conducting business in this District.  In addition, upon information and belief, Defendants have committed acts of copyright infringement in this District, and this action arises from those acts.

## BACKGROUND

18.     Author is the author and owner of the copyrights in an internationally-acclaimed photograph titled "Jimador de Tequila" (the "Copyrighted Work"):



19.     Author, a professional photographer, created the Copyrighted Work in Mexico in 1983, at a time when he was a Mexican resident and citizen.

20.     The Copyrighted Work depicts a 'jimador.'  A jimador is a laborer that selects ripe agave plants and cuts off their leaves in a process that is emblematic in the production of tequila.

21.     Author choreographed the created of the Copyrighted Work with detailed precision, including, inter alia, days before taking the Copyrighted Work photograph, he met the particular jimador that is the subject of the photograph; Author took the jimador to the Guadalajara market to buy him the white shirt and trousers that are shown in the photograph; Author chose the hat for the jimador; and Author waited for the best day with the most ideal weather and lighting conditions for taking the photograph. On the day that Author took the photograph, he was in

Guadalajara market, which is about an hour from the town of Tequila in Mexico. Recognizing that it had been raining the day of the photograph, when it had stopped raining, Author knew the air would be clean and fresh and provide perfect conditions for the creation of the Copyrighted Work. Author chose to take the photograph in the afternoon because Author did not want a high contrast photo and chose ambient light to cast soft shadows. Author spent several hours with the jimador scanning the fields for the best agaves.

22.     Author used a Leica M4-P camera with a 21 mm Super Angulon lens using Kodachrome 25 film. Author decided to use his Leica camera because it had been his preferred choice for 35 mm photography. Author used the 21 mm lens because Author wanted a wide-angle view of the agave field and believed it would show the jimador and the agave with incredible detail. Author used Kodachrome because Author believe it was the very best color transparency film every produced.

23.     Author copyrighted the Copyrighted Work as evidenced by Número de Registro: 03-20230041213584300-01.

24.     Author copyrighted the Copyrighted Work as evidenced by VA 2-365-065 and VA 2-401562.

25.     The Copyrighted Work was first published in Mexico in 1983 as the cover photograph of the book, "Tequila lo nuestro," and was not published in the United States during the thirty-day waiting period following the first publication in Mexico.

26.     "Tequila lo nuestro" was created for a Mexican company known at the time as Tequila Sauza, SA de CV and was developed to celebrate the centennial anniversary of Tequila Sauza, SA de CV.

27.     "Tequila lo nuestro" includes a Title Page (as translated): "Photography Jose Pable Fernandez Cueto."

28.    "Tequila lo nuestro" includes a Copyright Page with a copyright notice (as translated), noting a "Primary edition" and an edition certification page at page 96 noting "The present edition of this book of TEQUILA lo nuesto was finish printed on October 14, 1983 in the workshops of Reproducciones Fotomecanicas in the Mexico City. This edition consists of 3000 examples."

29.    "Tequila lo nuestro" includes a commentary page regarding the Copyrighted Work stating (as translated):

"Notas a las Fotografias – With the aim of photographing the Land of the Tequila, I undertake a picturesque walk through the plazas of Guadalajara and the valleys of San Pedro Tlaquepaque. I cross the mountains until I arrive at the extensive agave fields on the outskirts of the village of Tequila. I discover the people of the camp, selling juice, to the women covered with their shawls who have just come out of mass, to the jimador who heads to the mountain and to the garden of the Sauza destileria. A road appears on the embankments before the farm (estate). Just seeing it makes me feel transported to other eras. Alas, men and animals seek refuge from the persistent rain and everything turns to such a color, that remind me of the paintings of Jose Maria Velasco. These expressions they stick in my memory and slide through the lens to the insides of my photographic camera where they will always remain.

I'm in Tequila. Here, what could be arduous work is converted into exciting diversion. I chase the images and I rush to capture the moment bathed in light and nostalgia. It must be the precise moment. This and no other. And if both, that at the end of my work, I asked for a witness chart my six months of energy and patience, which shows in on magnitude and proportions, tradition and perseverance with where Tequila Sauza is made," signed by "JOSÉ PABLO FERNÁNDEZ Verano de 1983" (Summer of 1983).

30.    Author and Tequila Sauza, SA de CV did not enter into a work-for-hire agreement and Tequila Sauza, SA de CV, through its now parent company confirmed that it is not the owner and that all rights to the Copyrighted Work including ownership is to Author.

31.    Tequila Sauza, SA de CV, through its acting Consejero Delegado, an authorized officer of the company, engaged Author to create and develop "Tequila lo nuestro."

32.    Under the engagement noted in Paragraph 24, Author created all photographs in "Tequila lo nuestro" and was credited with their creation in "Tequila lo nuestro."

33.    The final agreement entered into by Tequila Sauza, SA de CV's authorized agent for the 3000 books of "Tequila lo nuestro," authorized Tequila Sauza, SA de CV to distribute "Tequila lo nuestro" as it desired and for Author to own the photographs and copyrights thereto.

34.    The Copyrighted Work is protected under "Ley Federal Del Derecho De Autor" and has not entered the public domain.

35.    The Copyrighted Work is original material that is protected under U.S. federal law and has not entered the public domain.

36.    Plaintiff did not travel to the state of Colorado since Defendants commenced use of the Copyrighted Work until 2025 in connection with a co-pending legal matter related to the Copyrighted Work in this District.

37.    Plaintiff learned of the use of the Copyrighted Work by one or more Defendants for the first time through a friend on or around late October 2022, after the friend became a resident of Colorado in October 2022 and recognizing the Copyrighted Work being used as a logo for a brand of restaurants.

38.    Plaintiff had no reason to know of the use of the Copyrighted Work prior to late October 2022 when his former website designer told him about them.

39.     The Copyrighted Work has received international acclaim and has been exhibited in Mexico, the United States, and Europe.

40.     The international acclaim is the result of at least the substantial efforts to create the Copyrighted Work, including spending hours to obtain the best agave plant that was ripe to allow for defined cut leaves and the plant further having the ideal height and width to compliment the stature of the jimador, determining the precise number of cuts to show the grandeur of this particular plant, depiction of the jimador at a prominent position, establishing image angles to take advantage of the gradual flow of the land with a singular tree in the distance, clothing the jimador in garments purchased by Author to obtain defined angles and folds, coordinating the shot to take advantage of prime weather with crisp air post a morning rain, awaiting ideal lighting conditions allowing ambient light to cast soft shadows, choosing the specific camera and lens to obtain the desired photo, and performing substantial efforts in post-production.

41.     Restaurants and Designers have reproduced the Copyrighted Work in its entirety and as derivative works, thereby knowingly pirating the Copyrighted Work for the brand identity in commerce of the "Tequila's" brand of Restaurants, common throughout at least the State of Colorado for financial gain.

42.     Restaurants and Designers have reproduced the Copyrighted Work in its entirety in various mediums to advertise Restaurants' operations, including at least on building façades, street signs, interior building elements, menus, drinkware, marketing materials, advertising materials, websites, and on social media platforms.

43.     Restaurants and Designers have reproduced derivative works of the Copyrighted Work in in various mediums to advertise Restaurants' operations, including at least on building façades, street signs, interior building elements, menus, drinkware, marketing materials, advertising materials, websites, and on social media platforms.

44.     The "Tequila's" brand of Restaurants are known to exist in at least Bayfield, Colorado; Cortez, Colorado; Durango, Colorado; El Jebel, Colorado; Evergreen, Colorado; Glenwood Springs, Colorado; Golden, Colorado; Grand Junction U.S. 6, Colorado; Grand Junction North Avenue, Colorado; Longmont, Colorado; Pagosa Springs, Colorado; Rifle, Colorado; Thornton, Colorado; and Trinidad, Colorado and all exhibit common branding including the Copyrighted Work.

45.     Upon information and belief, the aforementioned "Tequila's" brand of Restaurants identified as defendants herein all have common ties and potential familial ties to the founder of the "Tequila's" brand of Restaurants, JOSE RAIGOZA DEJESUS GARCIA.

46.     Upon information and belief, the aforementioned "Tequila's" brand of Restaurants identified as defendants herein all initiated use of the common branding common branding including the Copyrighted Work since formation of each entity.

47.     Upon information and belief, the aforementioned "Tequila's" brand of Restaurants identified as defendants herein all continued use of the common branding common branding including the Copyrighted Work well into 2023 including after receiving notice of the alleged infringement from Plaintiff.

48.     Use of the reproduced Copyrighted Work by the Defendants is substantial and is ongoing and includes one example of pirated use by several Restaurants on menus below:



49.     The below represents a comparison of the Copyrighted Work and pirated use of the

Copyrighted Work identified above with an image of the Copyrighted Work on the left side and

the pirated use of the Copyrighted Work on the right side:




50.    The above example, presented below in edited form, highlights particular elements,

angles, lighting, colors, environments, etc. of the reproduced Copyrighted Work with the left side

below representing an edited image of the Copyrighted Work and the right side the edited pirated

use of the Copyrighted Work:




51.    Pirated uses of the Copyrighted Work by Defendant J.P.A., INC for its Tequila's Family Mexican Restaurant of Bayfield include, but are not limited to:














52.    Pirated uses of the Copyrighted Work by Defendant TEQUILA'S, INC for its Tequila's

Family Mexican Restaurant of Durango include, but are not limited to:












53.    Pirated uses of the Copyrighted Work by Defendant CASA TEQUILA, LLC for its Casa

Tequila El Jebel include, but are not limited to:




 

54.    Pirated uses of the Copyrighted Work by Defendant ROSITA'S MEXICAN

RESTAURANT, INC. for its Casa Tequila Evergreen include, but are not limited to:

















55.    Pirated uses of the Copyrighted Work by Defendant TEQUILA'S III, INC for its

Tequila's Mexican Restaurant of Glenwood Springs include, but are not limited to:

















56.    Pirated uses of the Copyrighted Work by Defendant COMPADRES, INC. for its

Tequila's Family Restaurant of Golden include, but are not limited to:




















57.    Pirated uses of the Copyrighted Work by Defendant TEQUILA'S II, INC for its

Tequila's Mexican Restaurant Grand Junction U.S.6 include, but are not limited to:

















58.    Pirated uses of the Copyrighted Work by Defendant EL MESCAL, INC for its Tequila's

Mexican Restaurant Grand Junction North Avenue include, but are not limited to:
























59.     Pirated uses of the Copyrighted Work by Defendant CASA AGAVE FAMILY

RESTAURANT LLC for its Tequila's of Longmont include, but are not limited to:



























































60.    Pirated uses of the Copyrighted Work by Defendant LOS GARCIAS, INC for its

Tequila's of Pagosa Springs include, but are not limited to:

  

61.    Pirated uses of the Copyrighted Work by Defendant RIFLE TEQUILA'S, INC for its

Tequila's Family Restaurant Rifle include, but are not limited to:






















62.    Pirated uses of the Copyrighted Work by Defendant TEQUILA'S OF THORNTON, LLC

for its Tequila's Family Mexican Restaurant of Thornton include, but are not limited to:


















63.    Pirated uses of the Copyrighted Work by Defendant EL CAPULIN INC. for its Tequila's

Family Mexican Restaurant of Trinidad include, but are not limited to:
















64.     In addition to actively participating in the pirating of the Copyrighted Work by
Restaurants, upon information and belief, Designers have each used, including hyperlinks to
their own websites, and encouraged, facilitated, caused, materially assisted, materially
contributed to, and induced the reproduction, distribution, and public displays of the Copyrighted
Works and/or derivatives thereof, including but not limited to advertisers and publishers of
advertisements.  On information and belief, such encouragement, facilitation, causation, material
assistance, material contribution, and inducement was undertaken with knowledge of copyrights
of the Copyrighted Work, or at a minimum with willful disregard of the copyrights of the
Copyrighted Work.

65.     Pirated uses of the Copyrighted Work by Defendant Designers include, but are not
limited to:































66.     Upon information and belief, consumers have come to associate the Copyrighted Work with the Defendant and the aforementioned "Tequila's" brand of Restaurants identified as defendants.

67.     Upon information and belief, use of branding by the aforementioned "Tequila's" brand of Restaurants identified as defendants herein including the Copyrighted Work on social media and webpages leads to brand recognition and increased revenue as compared to non-branded similarly situated businesses.

68.     Upon information and belief, at the insistence of JOSE RAIGOZA DEJESUS GARCIA, the branding by the aforementioned "Tequila's" brand of Restaurants identified as defendants herein including the Copyrighted Work was used as a brand identifier and the Copyrighted Work was prevalent in each restaurant.

69.     Upon information and belief, the branding including the Copyrighted Work as the brand identifier was important to distinguish the "Tequila's" brand of Restaurants identified herein as defendants from other restaurants, including other restaurants using the name Tequila's.

70.     Upon information and belief, each time a new "Tequila's" brand of Restaurant opened, customers visited the new locations as the customer recognized the branding including the Copyrighted Work.

**COUNT I**
**COPYRIGHT INFRINGEMENT OF THE COPYRIGHTED WORK BY DEFENDANT**
**CASA AGAVE FAMILY RESTAURANT LLC dba  as Tequila's of Longmont**

71.     Plaintiff realleges and incorporates the allegations set forth in Paragraph 1 through Paragraph 70 herein.

72.     Upon information and belief, Casa Agave Family Restaurant LLC infringes the Mexico copyright in the Copyrighted Work identified in Número de Registro: 03-20230041213584300-01.under the laws of international treaties as applied to the copyright laws of the United States, Title 17 of the United States Code, as each it  uses of the Copyrighted Work, notably Author's exclusive rights to reproduce, distribute, and publicly display the Copyrighted Work.

73.     Casa Agave Family Restaurant LLC is liable for Plaintiff's actual damages.

74.     Casa Agave Family Restaurant LLC has knowingly and willfully infringed the Copyrighted Work.

75.     Casa Agave Family Restaurant LLC is liable for its profits attributable to the infringement.

76.     Casa Agave Family Restaurant LLC is liable for profits attributable to the infringement that were earned by third parties that Casa Agave Family Restaurant LLC encouraged, facilitated, caused, materially assisted, materially contributed to, and induced the reproduction, distribution, and public displays of the Copyrighted Works and/or derivatives thereof.

77.     Casa Agave Family Restaurant LLC is liable for Plaintiff's costs of court, and post judgment interest.

78.     This case is exceptional and, therefore Plaintiff is entitled to an award of attorneys' fees.

79.     Upon information and belief, Casa Agave Family Restaurant LLC's commercial activities relating to the willful infringement of the Copyrighted Works continued with knowledge of the copyright in the Copyrighted Work.  These commercial activities are, at a minimum, in reckless disregard of Plaintiff's rights in the copyright in the Copyrighted Work.  Such acts of infringement have therefore been intentional, deliberate, and willful.  Casa Agave Family Restaurant LLC continued unauthorized use of the Copyrighted Work after notification.

## COUNT II
## COPYRIGHT INFRINGEMENT OF THE COPYRIGHTED WORK
## BY ALL DEFENDANTS

80.     Plaintiff realleges and incorporates the allegations set forth in Paragraph 1 through Paragraph 79 herein.

81.     Upon information and belief, Defendants infringe the U.S. copyright in the Copyrighted Work identified in VA 2-365-065 and VA 2-401562 under the copyright laws of the United States, Title 17 of the United States Code, as each of the aforementioned uses of the Copyrighted Work, notably Author's exclusive rights to reproduce, distribute, and publicly display the Copyrighted Work.

82.     Upon information and belief, Designers have each further contributorily infringed and induced infringement of the Copyrighted Work by encouraging, facilitating, causing, materially assisting, materially contributing to, and inducing the reproduction, distribution, and public displays of the Copyrighted Work and/or derivatives thereof, including but not limited to advertisers and publishers of advertisements.

83.     Each Defendant is liable for Plaintiff's actual damages.

84.     Each Defendant has knowingly and willfully infringed the Copyrighted Work.

85.     Each Defendant is liable for their profits attributable to the infringement.

86.     Each Defendant is liable for profits attributable to the infringement that were earned by third parties that Defendants encouraged, facilitated, caused, materially assisted, materially contributed to, and induced the reproduction, distribution, and public displays of the Copyrighted Work and/or derivatives thereof.

87.     Each Defendant is liable for Plaintiff's costs of court, and post judgment interest.

88.     This case is exceptional and, therefore Plaintiff is entitled to an award of attorneys' fees.

89.     Upon information and belief, Defendants' commercial activities relating to the willful infringement of the Copyrighted Works continued with knowledge of the copyright in the Copyrighted Work. These commercial activities are, at a minimum, in reckless disregard of Plaintiff's rights in copyright in the Copyrighted Work. Such acts of infringement have therefore been intentional, deliberate, and willful. Defendants continued unauthorized use of the Copyrighted Work after notification.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter judgment against Defendants as follows:

A.      That Defendants have infringed and are infringing the Copyrighted Work;

B.      That Defendants and their officers, directors, agents, employees, attorneys, and those persons in active concert or participation with any of them, be preliminarily and permanently enjoined from further acts of infringement of the Copyrighted Work;

C.      That Defendants be ordered to pay Plaintiff damages sufficient to compensate for said Defendants' infringement of the Copyrighted Work, with pre-judgment and post-judgment interest, including profits lost as a result of infringement of the Copyrighted Work, and enhancing such damages due to the willfulness of the infringement;

D.      Plaintiff is entitled to preliminary and permanent injunctions pursuant to 17 U.S.C. § 502 prohibiting further copying, distribution, or public display of the Copyrighted Works and/or derivatives work thereof.

E.      Plaintiff is entitled to an order pursuant to 17 U.S.C. § 503(b) for the destruction of all such infringing copies of the Copyrighted Work that have been made in violation of copyrights in the Copyrighted Work.

F.      That this action be declared as exceptional and that Plaintiffs be awarded its attorneys' fees, costs, and expenses;

G.      That Plaintiff be awarded such other and further relief as this Court deems proper and just.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff demands a trial by jury of all issues properly triable to a jury in this case.

Respectfully submitted this 12th day of October 2025,

T**he McCallum Law Firm PC**
<u>s/ Jennifer M. McCallum</u>
Jennifer M. McCallum, Ph.D., Esq.
(jennifermccallum@mccallumlaw.net)
The McCallum Law Firm PC
685 Briggs Street, P.O. Box 929
Erie, Colorado 80516
Telephone Number: (303) 828-0655
Atty. Reg. #: 33238

**Bakos Law LLC**
<u>s/ Edward P. Bakos</u>
Edward P. Bakos
(ebakos@bakoslegal.com)
Bakos Law LLC
27 Laurel Avenue
Summit, New Jersey 07901
Telephone Number: (212) 724-0770

*Attorneys for the Plaintiff*:
*JOSÉ PABLO FERNÁNDEZ*